**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

**EXHIBIT A**

| | |
|---|---|
| In re:<br>EFRAIN A. RIVERA SOLER<br>BRENDA L. NIEVES CASTRO<br>*Debtors* | Case No. 09-09654 (ESL)<br>Chapter 11 |

### DEBTORS' PLAN OF REORGANIZATION DATED SEPTEMBER 1, 2010

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of EFRAIN A. RIVERA SOLER, and BRENDA L. NIEVES CASTRO (the "Debtors") from future professional services income, and from cash flow from operations of a business. This Plan provides for 2 classes of secured claims, and 3 classes of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 1.8 cents on the dollar. This Plan also provides for the payment of administrative claims for attorneys fees (to the extent permitted by the Code and the claimant's agreement).

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

**Class 1:** The secured claims 17 of Citimortgage, to the extent allowed as a secured claim under § 506 of the Code. Not impaired.

**Class 2:** The secured claims 12 of RG Premier, to the extent allowed as a secured claim under § 506 of the Code. Not impaired.

**Class 3:** The Unsecured Claims of Eurobank for construction loans, to the extent allowed as a general unsecured secured claim under § 502 of the Code. Impaired.

**Class 4:** General unsecured claims as allowed under § 502 of the Code. Impaired.

**Class 5:** The Unsecured Claim of First Bank for an auto lease, to the extent allowed under § 502 of the Code. Not Impaired.

*Chapter 11 Reorganization Plan dated September 1, 2010* *Page -2-*

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   Administrative Expense Claims.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article 8.02), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03   Priority Tax Claims.   There are no priority tax claims.

3.04   United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

3.05   Professional Compensation and Expense Reimbursement Claims.

(1) Any award granted by the Bankruptcy Court shall be paid (i) on the date such Administrative Claim becomes an Allowed Administrative Claim, or as soon thereafter as is practicable, or (ii) upon such other terms as may be mutually agreed upon between the holder of an Allowed Administrative Claim and Debtor or the Reorganized Debtor. Professionals shall file applications for the allowance of compensation for services rendered and for reimbursement of expenses incurred through and including the Confirmation Date, within thirty (30) days thereafter.

(2) All fees and expenses of Professionals for services rendered after the Confirmation Date in connection with the Bankruptcy Case and the Plan including, without limitation, those relating to the occurrence of the Effective Date, shall be paid by Debtor or the Reorganized Debtor upon receipt of reasonably detailed invoices, in such amounts and on such terms as such Professionals and Debtor or the Reorganized Debtor may agree, without the need for further Bankruptcy Court authorization or entry of a Final Order.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

**Class 1 – Secured Claim: Citimortgage.**

Class 1 includes Claim #17 of Citimortgage, and is secured over debtor's home located at #46 Malva Street Ext. Santa Maria Development, San Juan, Puerto Rico. The appraised value of this property is $904,000.00, as of May 13, 2010.

*Chapter 11 Reorganization Plan dated September 1, 2010* *Page -3-*

Citimortgage will be paid by the debtors in accordance to a mortgage modification approved by the Honorable Bankruptcy Court and entered into between the Debtors and the Creditor during the year 2010. According to such modification, the Debtors will pay monthly installments of $895.00. After five years the monthly installments may be modified by further agreement of the parties, and will continue to be made by the Debtors until full satisfaction of such claim. Prepetition arrears on Class 1 Claim were included in the mortgage modification.

Class 1 will retain its lien over Debtor's property until all contractual payments are satisfied, and is not impaired under the Plan.

**Class 2 – Secured Claim: RG Premier Bank.**

Class 2 includes Claim #12 of RG Premier Bank, and is secured over debtor's real vacant land located at the end of 25 de enero Street, Segundo Ward, Ponce, Puerto Rico. The appraised value of this property is $1,800,000.00, as of June 9, 2010.

Debtors will satisfy this claim by the surrender of the collateral securing such claim to the Creditor.

Class 2 will retain its lien over Debtor's property, and is not impaired.

**Class 3 – Unsecured Claims: Eurobank Construction Loans.**

Class 3 includes Claims #20, and #28 of Eurobank, for construction loans where the debtors are co debtors to third party Desarrolladora Internacional and for which such third party granted the creditor real property as collateral to such claims.

Class 3 will be satisfied by the third party's surrender of the collateral securing such claim.

Class 3 as allowed, is impaired under the Plan, and therefore has a right to vote.

**Class 4 – General Unsecured Claims**

Class 4 includes the claims of General Unsecured Creditors not included in other classes, as allowed, approved and ordered paid by the Court, under § 502 of the Code.

Class 4 shall be paid in an amount equal to 1.6% of the allowed amount of such claim, in 60 monthly installments as follows, unless the holder of such claim agrees with the Debtors to a different treatment:

$1,134.00 for 1 month to commence on November 1, 2010

$1,300.00 for 12 months to commence on December 1, 2010, and

$2,400.25 for 48 months to commence on November 1, 2011.

On the effective date, each Class 4 creditor, whose claim is allowed, will receive a non-negotiable, non-interest bearing note providing for payment of 1.6% of their claim, payable as above stated before the expiration of the 60 month period of this Plan. Creditors with disputed, contingent

*Chapter 11 Reorganization Plan dated September 1, 2010*     *Page -4-*

and/or unliquidated claims, at the effective date, will receive such note whenever their claims become allowed claims.

Any amounts collected by the Debtors from the Erluca litigation during the life of the plan will be used as additional income to fund the plan.

Class 4 as allowed and ordered paid by the Court is impaired under the Plan, and therefore has a right to vote.

### Class 5 – Claim of First Bank for Auto Lease

Class 5 includes the claim of First Bank for an auto lease, as allowed, approved and ordered paid by the Court.

Class 5 will continue to be paid by the debtors as per the leasing agreement in force, which is also being assumed. According to such agreement, the Debtors will continue to pay monthly installments of $698.00 until the maturity date of the lease.

Class 5 will receive distribution under the Plan equal to the prepetition arrears of $1,465.80, and will receive such payment in a lump sum paid on the effective date of the Plan.

If debtor fails to make two (2) post confirmation payments or surrenders to First Bank for this leasing agreement, the automatic stay will be lifted in favor of First Bank. First Bank may charge the total unpaid balance to any joint guarantor of the debtor. If debtor satisfies the full debt as agreed herein, any joint guarantor will be relieved from paying the full amount of First Bank's claim.

The Debtor will provide First Bank evidence of insurance coverage on or before January 1, 2011, and respectively for every year until the full payment of the lease for the vehicle. The Debtor will not use an insurance certificate issued by an insurance agency as evidence of compliance. The Debtor will also produce to First Bank a copy of the complete insurance policy and the insurance company agent name and telephone number.

Class 5 will retain ownership of the vehicle subject of the lease agreement until all proposed payments under this plan, and under the original leasing agreement are satisfied. Thereafter the claim will be deemed satisfied and liquidated in full, and the title of the property will be transferred by First Bank to the Debtors.

Class 5 as allowed and ordered paid by the Court is not impaired under the Plan, and therefore does not have a right to vote.

### ARTICLE V

### ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01  *Disputed Claim*. A disputed claim is a claim that has not been allowed or disallowed, by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of

*Chapter 11 Reorganization Plan dated September 1, 2010* *Page -5-*

claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

       5.02    <u>Proof of Claims not Filed</u>. Where a proof of claim has not been filed, the Allowed Claim shall be in the amount appearing in the Schedules filed by the Debtors, provided however, that the scheduled amount is not shown as unliquidated, contingent or disputed, in which case no amount will be allowed unless the Debtors have notified such creditors and such creditors has filed a timely proof of claim. To the extent no debt was listed by the debtor in its Schedules as allowed, no amount will be provided for claimants who have not filed proof of claims.

       5.03    <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed, by a final non-appealable order.

       5.04    <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

       5.05    <u>Allowed"</u> shall mean:

       (a)    With respect to Administrative Claims: any existing or future Administrative Claim either (i) for which a fee application has been filed on or before the date, if any, designated as the last date for filing such fee application and which has been allowed by a Final Order; or (ii) as to any other Administrative Claim, (a) proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing the proof of claim with respect thereto, pursuant to the provisions of this Plan or pursuant to any other order, and (b) as to which either no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Bankruptcy Court, or as to which any timely objection has been determined and all or some portion has been allowed by a Final Order.

       (b)    With Respect to any other Claim: any claim, other than an Administrative Claim (1) with respect to a which a proof of claim has been filed within the time fixed by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(2); or (2) scheduled in the schedule of liabilities filed pursuant to Section 521(1) of the Bankruptcy Code and Bankruptcy Rule 1007(b) and not therein listed as disputed, contingent or unliquidated, and in either case if no objection to the allowance thereof has been filed, except to the extent that any such objection has been determined by a final and unappealable order of judgment or by stipulation approved by a final and unappealable order or judgment.

5.06 "Contingent or Unliquidated Claim" shall mean any Claim for which: 1) Debtors scheduled as "Contingent or Unliquidated", or 2) a proof of claim has been filed with the Bankruptcy Court but which was not filed in a sum certain, and/or which is dependent upon a future event that has not occurred, such as but not limited to, the determination of liability in a pending litigation.

5.07 "Deficiency Claim" shall mean: a Claim of a Creditor equal to the amount by which the aggregate Claims of such Creditor against the Debtor or any third party principal of the obligation, exceeds the sum of (a) any setoff rights of the Creditor against the Debtor or such third party principal plus (b) the Net Proceeds realized from the disposition of the Collateral securing such Claim or, if such Collateral is not liquidated to cash, the value of the interest of the Creditor in the Debtor's or third party Principals' interest in the Collateral securing such Claim, provided however, that if the holder of such Claim makes the election provided in Section 1111(b) of the Bankruptcy Code, there shall be no Deficiency Claim in respect to such Claim.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases. Debtors hereby assume all executory contracts and unexpired leases to which they are a party and which have not been expressly rejected pursuant to 11 U.S.C. sec. 365(a), or deemed rejected by Court Order, in accordance and subject to their terms and conditions.

In particular the Debtors assume the following unexpired lease effective upon the entry of the order confirming this Plan: Leasing agreement with First Bank for a Jeep Commander vehicle used by the debtors, to expire on 2014, with a monthly payment of $698.00, and no residual payment.

(b) A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

6.02 Post-Petition Agreements Unaffected By Plan. Except as otherwise expressly provided herein, nothing contained in the Plan shall alter, amend or supercede any agreements or contracts entered into by the Debtors after the Petition Date that were otherwise valid, effective and enforceable against the Debtors as of the Confirmation Date.

## ARTICLE VII

## MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN

7.01 In General. The Debtors will be able to execute this Plan through the Debtor's and Joint Debtor's income for the 60 months beginning on October 1, 2010, which includes the income received from Debtor's professional services to GW Construction Corp., and of Joint Debtor's business as a real estate broker.

7.02   Operation of Debtor's Business and Professional Services Provided. As part of this plan, Debtors will continue to manage and operate the real estate broker business, and to provide professional services to GW Construction Corp. in order to finance the provisions of this Chapter 11 Plan. Estimated income projections are included in the Disclosure Statement.

7.03   Income from Litigation. The Debtors have commenced a litigation proceeding against Newport Bonding from which debtors are requesting payments for damages suffered of approximately $1,500,000. If any of such income is received during the life of the Plan, it will also be destined as additional income to fund the plan.

7.04   Distributions under the Plan. Subject to the applicable Bankruptcy Rules, all distributions under the Plan shall be made by check mailed by first class mail, postage prepaid, to the address of each holder as listed on the Schedules unless the Debtors are notified in writing of a different address, including, without limitation, by the filing of a proof of claim or notice of transfer of claim filed by such holder that provides an address for such holder different from the address reflected on the Schedules. Debtors or Reorganized Debtors shall have no obligation to locate such holders whose distributions or notices are property mailed but nevertheless returned.

7.05   Small Payments Reserve. After the effective date, the Debtors or Reorganized Debtors are not obligated to make any payment under the plan unless the payment exceeds $10.00; provided further that cash equal to 100% of the distributions to which the holder of a Claim would be entitled under the Plan if the Payment to such holder was less than or equal to $10.00, shall be maintained in a reserve (the "Small Payments Reserve") for the benefit of such holder until an aggregate of at least $10.00 is payable to such holder and at such time the holder shall receive a payment equal to 100% of the distributions to which it would otherwise be entitled.

7.06   Distribution to be on Business Day. Any payment or distribution required to be made under the Plan on a day other than a Business Day shall be made on the next succeeding Business Day.

7.07   Reversion of Unclaimed Checks. The amounts of any checks issued under this Plan that remain uncashed for a period of 90 days after the date of issuance shall revert to and be vested in the Reorganized Debtor, free and clear of any claim or interest of any holder of that Claim under the Plan.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01   Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

*Chapter 11 Reorganization Plan dated September 1, 2010* *Page -8-*

---

8.02 <u>Effective Date of Plan</u>. The effective date of this Plan shall be the later of October 1, 2010 or the eleventh (11th) business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated. The effective date shall be the date on which there shall be made all initial payments under the plan.

8.03 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

## ARTICLE IX
## DISCHARGE OF DEBTORS

9.01. <u>The Debtors are individuals and § 1141(d)(3) is not applicable</u>. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

9.02. <u>Discharge of Claims</u>. Except as otherwise expressly provided herein, by the Bankruptcy Code or in the Confirmation Order, the rights granted by this Plan and the payments and distributions made hereunder shall be in complete exchange for and in full and final satisfaction, settlement, release and discharge of all existing debts and Claims of any kind, nature or description whatsoever against the Debtors or the Debtors in Possession, or the Reorganized Debtors, or any of their assets or properties; and on the Consummation Date, all existing Claims against the Debtor or Debtor in Possession shall be, and shall be deemed to be, exchanged, satisfied, discharged and released in full; and all holders of Claims shall be precluded from asserting against the Debtors and the Reorganized Debtors, or their assets or properties any other or further Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Consummation Date, whether or not such holder filed a proof of claim; whether or not such Claim is allowed, and whether or not the holder of such Claim has accepted the Plan.

9.03 <u>Effect of Confirmation Order - Injunction Relating to the Plan</u>. Except as otherwise provided for in this Plan, the Confirmation Order shall constitute an injunction against the pursuit of any Claim whether or not a proof of claim based on any such debt or liability, filed under Section 501 of the Bankruptcy Code and whether or not a Claim based on such debt or liability is allowed under Section 502 of the Bankruptcy Code.

9.04 <u>Cancellation of Existing Indebtedness and Liens</u>. Except as may otherwise be provided in the Plan, on the Consummation Date, all credit agreements, promissory notes, mortgages, security agreements, invoices, contracts, agreements and any other documents or instruments evidencing Claims against Debtor, together with any and all Liens securing the same, shall be canceled, discharged and released without further act or action by any Person under any applicable agreement, law, regulation, order or rule, and Debtor's obligations there under shall be deemed cancelled, discharged and released. To the extent deemed necessary or advisable by Debtor or the Reorganized Debtor, any holder of a Claim shall promptly provide Debtor or the Reorganized Debtor with an appropriate instrument of cancellation, discharge or release, as the case may be, in suitable form for recording wherever necessary to evidence such cancellation, discharge or release, including the cancellation, discharge or release of any Lien securing such Claim.

9.05 <u>Setoffs</u>. Except as otherwise provided herein, nothing contained in the Plan shall constitute a waiver or release by the Estate of any rights of setoff the Estate may have against any creditor.

## ARTICLE X

## VOTING ON THE PLAN AND COMPLIANCE WITH 11 USC SEC. 1129

10.01 <u>Unimpaired Class.</u> Persons holding administrative expense claims, Classes deemed unimpaired by this Plan in accordance with Section 1124 of the Bankruptcy Code are deemed to have accepted the Plan in accordance with Section 1126(f) of the Bankruptcy Code. Accordingly, Debtors are not required to solicit the votes of such classes with respect to the acceptance or rejection of the Plan.

10.2 <u>Voting of Claims</u>. Each holder of an Allowed Claim in a Class identified as impaired which retains or receives property under the Plan shall be entitled to vote separately to accept or reject the Plan and indicate such vote on a duly executed and delivered ballot.

10.3 <u>Nonconsensual Confirmation Under Section Section 1129(b) "Cram Down"</u>: In the event that an impaired class will have failed to accept the Plan by the requisite majorities in accordance with Sections 1126(c) and 1126(d) of the Bankruptcy Code, as applicable, or if any impaired class is deemed to have rejected the Plan, Debtors reserve their right and intend to request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code, and/or to amend the Plan in accordance with Section 12.3 hereof to the extent necessary to obtain the entry of a Confirmation Order.

Specifically, the Court may confirm a plan over the objection of a class of secured claims if the members of that class are unimpaired or if they are to receive under the plan property of a value equal to the allowed amount of their secured claims, as determined under 11 USC 506(a). The

property is to be valued as of the Effective Date of the Plan, thus recognizing the time-value of money.

The Court may confirm a plan over the dissent of a class of unsecured claims, including priority claims, only if the members of the class are unimpaired, if they will receive under the plan property of a value equal to the allowed amount of their unsecured claims, or if no class junior will share under the Plan. That is, if the class is impaired, they must be paid in full or, if paid less than in full, then no class junior may receive anything under the plan.

10.4    <u>Section 1129(a)(12) Compliance</u>. After all fees payable under 28 USC sec. 1930, as determined by the Bankruptcy Court at the hearing on confirmation of the Plan, either will have been paid or will be paid on the Consummation Date as an Administrative Claim.

10.5    <u>Deemed Satisfaction of Section 1129(a)(13) of the Bankruptcy Code</u>. Prior to the commencement of the Chapter 11 case, the Debtor did not have a plan providing for retiree benefits, as defined in Section 1114 of the Bankruptcy Code. Consequently, the confirmation requirements contained in Section 1129(a)(13) of the Bankruptcy Code are inapplicable to the Plan, and the Plan shall be deemed to have satisfied such requirements.

## ARTICLE XI
## CONDITIONS PRECEDENT TO CONFIRMATION

11.01    That it be determined by the Bankruptcy Court after hearing on notice that:

(a)    The Plan has been accepted in writing by the creditors whose acceptance is required by law;

(b)    The provisions of Chapter 11 of the Code have been complied with and that the Plan has been proposed in good faith and not by any means forbidden by law;

(c)    Each holder of a claim required to vote on the Plan has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amounts such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Code on such date. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under the Plan and has not accepted the Plan;

(d)    All payments made or promised by the Debtors or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court;

(e) Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtors or the Reorganized Debtors.

## ARTICLE XII

## CONSUMMATION

12.01. <u>Consummation of the plan.</u> shall mean the accomplishment of all things contained or provided for in this Plan, and the entry of a final decree in this case.

12.02. <u>Conditions Precedent.</u> The following shall be conditions precedent to the consummation of the Plan: a) that the confirmation Order be final; and b) the transactions and payments set forth in this Plan have been effected.

12.03. <u>Transactions in furtherance of consummation of the Plan</u>. On the effective date, the Reorganized Debtor shall be authorized to take such actions and execute such documents as may be necessary to effectuate the consummation of this Plan.

## ARTICLE XIII

## RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT

13.1 <u>Retention of Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the Chapter 11 case for the following purposes:

(a) to hear and determine any and all objections to the allowance of any Claims or any controversies as to the classification of any Claims or estimate any Disputed Claim, including administrative claims;

(b) to hear and determine any and all fee applications and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code;

(c) to hear and determine any and all pending applications for the rejection or assumption of executory contracts and unexpired leases, and fix and allow any Claims resulting there from;

(d) to determine any and all applications, motions, adversary proceedings and contested or litigated matters pending before the Bankruptcy Court on the Confirmation Date;

(e) to determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan;

(f) to enforce the provisions of the Plan subject to the terms thereof;

(g) to modify the Plan or remedy or correct any defect or omission, or reconcile any inconsistency in the Plan, or in any of its Orders, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

(h) to determine such other matters as may be provided for in the Confirmation Order.

(i) to enter such orders as may be necessary to consummate, implement and effectuate the operative provisions of the Plan and execute all documents and agreements provided for herein or entered into pursuant hereto, including, without limitation, to issue pertinent orders to protect the Debtors from creditor's actions; and

(j) to enter a final decree closing the Chapter 11 case.

13.2  <u>Failure to Exercise Jurisdiction</u>. If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising our of a Chapter 11 case, including the matters set forth above, this Article shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

## ARTICLE XIV

## AMENDMENTS AND INTERPRETATION OF THE PLAN

14.1  <u>Amendment or Modification of the Plan</u>. The Debtors may propose amendments or modifications of the Plan at any time prior to its confirmation, upon notice to creditors and parties in interests. Upon request of the Debtor, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

14.2  <u>Headings</u>. The headings used in the Plan are inserted for convenience of reference only and neither constitute part of the Plan or in any manner affect the provisions or interpretation hereof.

14.3  <u>Severability</u>. If, prior to the Confirmation Date, any term or provision of the Plan is determined by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court may, upon Debtor's request, alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing is valid and enforceable according to its terms.

*Chapter 11 Reorganization Plan dated September 1, 2010*                                            *Page -13-*

14.4 <u>Revocation or Withdrawal of the Plan</u>. Debtors reserve the right to revoke or withdraw the Plan prior to the Confirmation Date. If Debtor revokes or withdraws the Plan prior to the Confirmation Date, then the Plan shall be deemed null and void. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims by or against Debtor or any other Person or to prejudice in any manner Debtor's rights or those of any Person in any further proceedings involving Debtor.

14.5 <u>Successors and Assigns</u>. The rights and obligations of any person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of the successors and assigns of such person.

14.6 <u>Internal References</u>. The words "herein", "hereof"; "hereto", "hereunder", and other words of similar import refer to the Plan as a whole and not to any particular section, subsection or clause contained in the Plan.

## ARTICLE XV
## OBJECTIONS TO CLAIMS

15.01 <u>Deadlines for Objecting to Disputed Claims</u>. Except as otherwise provided by order of the Bankruptcy Court with respect to any Claim, Debtors or the Reorganized Debtors may file an objection to such Claim or otherwise dispute such Claim until the later of (a) the date that such Claim becomes due and payable in accordance with its terms, or (b) 30 days before the confirmation hearing, or 30 days after filing the proof of claim, whichever is later. If an objection is made, payment to such claimants will be made only after the entry of a final order by the Court allowing such claim and in accordance with the provisions of the Plan governing such class to which such claims belongs.

## ARTICLE XVI
## DISPUTED CLAIMS RESERVE

16.01. Debtors will withhold in a Disputed Claims Reserve an amount of cash equal to that which would be distributed on account of all disputed claims, which would be Class 4 claims, if such disputed claims were allowed claims. The Debtors shall segregate and hold in trust the Disputed Claims reserve in an interest bearing account or instrument. A proportionate share of the funds held in such reserve shall be distributed to holders of any newly allowed Class 4 claims as they are removed from a disputed status to bring them to the same pro rata level of distribution as all other Class 4 claims. In the absence of contrary notice of assignment or of the addition of newly allowed Class 4 claims, these distributions shall be made to the record holders of Class 4 claims as of the Effective Date. A final distribution from the Disputed Claims Reserve shall be made on the later of: a) 5 years following the effective date, and b) the date on which all such disputed claims are

Case:09-09654-ESL11 Doc#:140-1 Filed:09/01/10 Entered:09/01/10 16:51:37 Desc:
Exhibit A Page 14 of 15

*Chapter 11 Reorganization Plan dated September 1, 2010*  Page -14-

resolved, to the holders of all Class 4 claims. The final distribution shall be allocated to bring the proportionate share of aggregate distributions to holders of Class 4 claims to the same pro rata level subject to limitations contained in the Plan. Interest earned on the account will also be distributed pro rata between all Class 4 allowed claims.

16.02. The holder of a Disputed Claim that becomes an Allowed Claim subsequent to the Initial Distribution Date shall receive distributions of Cash from the Disputed Claims Reserve as soon as practical, following the date on which such Disputed Claim becomes an Allowed Claim pursuant to a Final Order. Such distributions shall be made in accordance with the Plan based upon the distributions that would have been made to such holder under the Plan if the Disputed Claim had been an Allowed Claim on or prior to the Initial Distribution Date. No holder of a Disputed Claim shall have any claim against the Disputed Claims Reserve, Debtor, the Reorganized Debtor with respect to such Claim until such Disputed Claim shall become an Allowed Claim, and no holder of a Disputed Claim shall have any right to interest on such Disputed Claim.

## ARTICLE XVII

## PROVISIONS FOR THE RETENTION, ENFORCEMENT, SETTLEMENT OR ADJUSTMENT OF CLAIMS BELONGING TO THE DEBTORS OR TO THE ESTATE

17.01 According to the provisions of Section 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtor will retain and enforce or settle and adjust any claim belonging to them or to the estate.

## ARTICLE XVIII

## MISCELLANEOUS

18.01 <u>Notices</u>. All notices, requests and demands to or upon Debtor shall only be effective if in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and confirmed, addressed as follows:

*ALMEIDA & DÁVILA, P.S.C.*
Counsel for Debtor
PO POX 191757
San Juan, PR 00919-1957
Tel. (787) 722-2500
Fax. (787) 722-2227
e-mail: info@almeidadavila.com

15.2 <u>Governing Law</u>. Except to the extent the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent the Plan provides otherwise, the rights and obligations arising under this Plan shall be governed by, construed and enforced in accordance with the laws of the Commonwealth of Puerto Rico.

15.3 <u>Inconsistencies</u>. In the event of any inconsistency between the Plan and the Disclosure Statement, or any other instrument or document created or executed pursuant to the Plan, the terms of the Plan shall govern.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 1st day of September, 2010.

By: _S/ Efraín A. Rivera Soler_      And By: _S/ Brenda L. Nieves Castro_
      EFRAIN A. RIVERA SOLER                 BRENDA L. NIEVES CASTRO

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants including the U.S. Trustee.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 1st day of September 2010.

**ALMEIDA & DÁVILA, P.S.C.**
PO Box 191757
San Juan, Puerto Rico 00919-1757
Phone: (787) 722-2500
Fax: (787) 722-2227

S/**ENRIQUE M. ALMEIDA BERNAL**
USDC-PR 217701
Email: ealmeida@almeidadavila.com

S/ **ZELMA DÁVILA CARRASQUILLO**
USDC-PR 218913
Email: zdavila@almeidadavila.com