IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In Re:** | **Case No.** 09-09654 (ESL) |
| EFRAIN ANTONIO RIVERA SOLER<br>BRENDA LIZ NIEVES CASTRO | |
| *Debtors* | **Chapter 11** |

**REPLY TO DEBTORS' OPPOSITION TO REQUEST FOR
IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSES**

**COMES NOW,** Enrique M. Almeida Bernal and his firm Almeida & Dávila, P.S.C., and through the undersigned very respectfully **STATES**, **ALLEGES** and **PRAYS** as follows:

**I. INTRODUCTION**

1. On September 21st, 2010 and January 12, 2011 this Honorable Court granted compensation to the undersigned as debtors' former attorney in the amounts of $7,226.00 and $10,426.00, totaling $17,652.00 in favor of the undersigned (Dockets #145 and #189).

2. Because the debtors did not pay the amounts granted as compensation, on January 21st, 2011 the undersigned filed a Motion Requesting Order for Immediate Payment of Administrative Expenses. See docket # 197.

3. On February 14, 2011 debtors filed a belated opposition entitled "*Reply to Motion Requesting Entry of order for Immediate Payment*". (Docket #205). This Honorable Court granted the undersigned leave to file a reply to such opposition. (Docket #207).

4. We hereby reply to debtors' opposition requesting that it be denied and for an order to debtors to immediately pay the undersigned the administrative expenses allowed. The following grounds should move this Honorable Court to grant the remedy requested herein.

*Reply to Debtors' Opposition* *Page -2-*

## II. ARGUMENT AND APLICABLE LAW

### A. THE FACTS

5. The undersigned were retained as debtors counsel back in November 2009. On such date prior to filing the petition the undersigned received a retainer fee of $10,000.00 and the amount to pay the filing expenses.

6. The undersigned represented the debtors in each and every proceeding of the case, including various contested matters, and an adversary proceeding. The undersigned also assisted the debtors in the preparation of the Disclosure Statement and the proposed Chapter 11 Plan of Reorganization. See Dockets #139 and #140.

7. Unlike the situation with debtors' current attorneys, the retainer paid to our firm has long been exhausted. Since our retention in November 2009, we as professionals have received only the aforementioned retainer fee, that is, just 36% of our approved fees while the case has been in Chapter 11. Since at least May 2010 we have been forced to finance debtors' case. Now it is Debtors intent that the undersigned continue to finance their case. This is simply inequitable.

8. Although debtors' current attorneys have recently and on multiple occasions represented to the undersigned that they have instructed the debtors to pay our fees and that they have a "check" to pay the undersigned, at the present time we have not received a single payment. Moreover, to our surprise these attorneys now file an opposition utilizing bare, conclusory, vague and unsupported assertions obliging us to reply and thus making us consume time that should be devoted to our practice and clients. The failure to receive the interim payments, already approved by the Honorable Court, one on September 2010, and the other on

*Reply to Debtors' Opposition* Page -3-

January 12, 2011, is causing substantial financial hardship to our law firm. As a consequence, we have no alternative but to seek this Honorable Court's intervention.

### B. IMMEDIATE PAYMENT OF ATTORNEYS' FEES IS WARRANTED UNDER 11 USC § 331.

9. The timing of the payment of administrative claims appears to be solely in the discretion of the bankruptcy Court, In re Verco, Ind., 20 B.R. 664 (Bankr. 9th Cir. 1982); In re National Buy Rite, 10 B.R. 380 (Bankr. N.D. Ga. 1981). Although the Bankruptcy Code is not clear in some respects on whether or when it is appropriate to pay administrative expenses prior to confirmation, section 331 of the Bankruptcy Code give allowed attorneys fees preeminence over other claims. Accordingly, attorneys fees should be paid immediately upon approval.

10. Congress has granted professionals various forms of interim compensation including section 331 interim payments, which have a priority higher than sections 507(b), 364(c)(1), 726(b), and 507(a)(1).

11. Particularly Section 331 of the Bankruptcy Code contemplates interim payments to professional persons during the progress of the case before payment to other administrative claimants so that attorneys and other professional persons do not have to finance the success of the debtors' reorganization. See In re Callister, 15 BR 521 (Bkrtcy. D. Utah, 1981).

12. As this Honorable Court knows, professional fees are allowed under 11 U.S.C. § 330 and classified as administrative expenses under 503(b)(2). However, while other administrative expenses must wait until confirmation, 11 U.S.C. § 1129(a)(9), or liquidation, 11 U.S.C. § 726, for reimbursement, fees are payable on an interim and therefore a preeminent basis under 331. Not only the statutory scheme but also reasons of policy support this preeminence of professional fees under 331. See In re Callister, 15 BR 521 (Bkrtcy. D. Utah, 1981).

*Reply to Debtors' Opposition*                                              *Page -4-*

13. Because attorneys' fees enjoy a statutory preeminence under Section 331, and also have a first priority for administrative expenses under 507, they are entitled to be paid in full immediately.

14. Accordingly, the undersigned respectfully submit that in the instant case the fees already approved by this Honorable Court (Dockets #145, and #189) under sections 330 and 331 of the Code should be paid immediately.

### C. ALTERNATIVELY, THE UNDERSIGNED'S ATTORNEYS FEES SHOULD BE PAID ON THE EFFECTIVE DATE OF THE PLAN PURSUANT TO 1129 (a) (9) (A)

15. As previously expounded, attorneys fees are among the administrative expenses entitled to priority under 11 USC Sec 507(a)(1). Not only does this mean that the fee must be paid in full for the plan to be confirmed under section 1129(a), but it usually means that the fee will be paid before most other creditors receive payment.

16. Section 1129 (a) (9) provides that §507(a) (1) priority claims must be paid in a case under Chapter 11 on the effective date of the plan unless the holder agrees otherwise. Even though the undersigned attorneys submit that the allowed attorneys fees herein should be paid immediately by the debtor under section 331 of the Code, should this Honorable Court in its discretion decide otherwise, then we respectfully request that--as a priority allowed claim under section 507 (a)-- the attorneys fees be paid on the effective date of the plan.

17. Moreover, as prescribed in section 1129 (a) (9) the current proposed unconfirmed plan in the instant case states that the allowed administrative expenses "will be paid in full on the effective date of the plan (As defined in Article 8.02), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors." See Docket #139, at 2, Section 3.02 of Article 3 in the Proposed Plan. In the instant case the undersigned administrative claimant has

*Reply to Debtors' Opposition*                                               *Page -5-*

not agreed to different terms of payment for administrative expenses from the terms that the law and the proposed plan establishes.

18. Moreover, debtors' unsupported assertion that "[a]s part of the Debtor's Disclosure Statement and Plan of Reorganization the payment of the attorney's fee was evaluated and proposed as part of the payment plan" **is false, and contrary to what the proposed plan clearly states in order to comply with what the Code prescribes**. See Id..

19. It is also false and incorrect debtors' assertion that the attorney's fees, owed to Almeida & Dávila P.S. C., "would be paid through the life of the plan" as per the plan projections.

20. First and foremost, the attorney's fees owed to our firm were contemplated in the proposed plan as administrative expenses and therefore must be paid in full upon approval of the court as per section 331 or at most on the effective date of the plan.

21. Second, the projections attached to the proposed plan regarding services to be rendered to the Debtors are only exemplifying the legal and accounting expenses that debtors will incur after the confirmation of their plan. The 'projections' are what they are, and imply possible future expenses of the debtors as business persons, not a payment plan to pay past or current administrative expenses of the case.

22. Finally debtors' argument that the immediate payment of the fees to the undersigned would harm other creditors and would affect the plan can only be interpreted as an admission that the estate lacks sufficient funds to pay administrative expenses in full. If that is the situation, then the debtors will not be able to reorganize and attain a confirmed plan that complies with section 1129. In other words, the proposed plan as it currently stands is not

*Reply to Debtors' Opposition*                      *Page -6-*

feasible.[1] Moreover, if that is the case, administrative claimants should share prorrata and thus the post-petition security retainer of $4,000.00 paid to debtors' current attorneys on December 2010 should be disgorged and recovered for the benefit of the estate and redistributed prorrata among all administrative claimants, including the undersigned.

23. Therefore, debtors' argument either admits that they are not able to confirm a plan that complies with the law and thus should not be in Chapter 11 Bankruptcy, or is patently wrong and cannot defeat the request for immediate payment of the administrative expenses owed to our firm.

24. If Debtors are not able to pay the administrative expenses of their case, including the attorneys fees allowed to the undersigned as interim compensation, then they should not be allowed to stay in a Chapter 11 Bankruptcy.

### D. DEBTORS' OPPOSITION SHOULD NOT BE CONSIDERED BECAUSE IT WAS UNTIMELY FILED AND IS PROCEDURALLY DEFECTIVE

25. The undersigned's motion for immediate payment of administrative expenses was filed on January 21st, 2011. Local Bankruptcy Rule 9013-1 (c)(2) states that oppositions must be filed within the times prescribed in subsection (h) of Rule 9013. As per Local Bankruptcy Rule 9013 (h) the undersigned's motion requires a response within 14 days. Our motion established a 21 days objection language. In the instant case debtors' opposition was <u>untimely</u> filed on February 14, 2011, that is, in excess of the term provided in Rule 9013 (h) and even of the term established in the undersigned's motion. Therefore, debtors' opposition should not be considered as untimely.

---

[1] Debtors have not filed Monthly Operating Reports for the months of December 2010 and January 2011, which are due. Therefore, we are not able to know a different financial situation of the debtors. Moreover, the debtors have not proposed a different Chapter 11 Plan of Reorganization than the one on docket. Although debtors requested 60 days to amend their plan and this Court granted their request, such term elapses today and up to the time that we are filing the instant Reply, the proposed Chapter 11 Plan has not been amended.

*Reply to Debtors' Opposition*                                                    *Page -7-*

26. Moreover, debtors do not cite any law and/or case law in support of their argument, which leaves the undersigned devoid of any allegation that will put us on notice of the Debtors' legal assertions. See Docket 205. In this particular instance, debtors' attorneys negligibly failed to comply with Bankruptcy Local Rule 9013-1 (b), which in its pertinent part states that "All motions must state with particularity the grounds therefor...".

27. In light of the above, the undersigned respectfully submit that debtors' opposition should not be considered also because it is procedurally defective, as it does not comply with the Rules. Thus, it is hereby respectfully requested from this Honorable Court that it be stricken from the record as if it was never filed.

**WHEREFORE**, the undersigned respectfully request this Honorable Court to enter an order directing debtors to immediately make the payment in full of the $17,652.00 owed to Almeida & Dávila P. S.C. as requested in Docket #197. It is also hereby requested that Debtors motion (Docket 205) be stricken from the record, due to its violations to the Local Bankruptcy Rules.

**WE HEREBY CERTIFY** that on this day we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all appearing parties and counsel in the above captioned bankruptcy proceeding.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25th day of February 2011.

*Reply to Debtors' Opposition* *Page -8-*

                **ALMEIDA & DAVILA, P.S.C.**
                PO Box 191757
                San Juan, PR 00919-1757
                Tel. (787) 722-2500
                Fax (787) 722-2227

                S/Enrique M. Almeida-Bernal
                **ENRIQUE M. ALMEIDA-BERNAL**
                USDC-PR NO. 217701
                ealmeida@almeidadavila.com

                S/ Zelma Dávila-Carrasquillo
                **ZELMA DAVILA CARRASQUILLO**
                USDC-PR NO. 218913
                zdavila@almeidadavila.com