**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: EFRAIN RIVERA SOLER AND BRENDA LIZ NIEVES CASTRO<br>*Debtors* | Case No. 09-09654 (BKT)<br><br>Chapter 11 |

## **MOTION TO DISMISS**

TO THE HONORABLE COURT:

    COMES Now Almeida & Dávila, P.S.C. through its undersigned attorneys, and very respectfully states and prays:

    1.    On November 10, 2009 debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

    2.    The appearing firm was debtors' former attorneys in this case. This Honorable Court granted compensation to the undersigned firm as Debtors' former attorney in the amount of $7,226.00 and $10,426.00 (Dockets #145 and 189).

    3.    At a hearing to discuss the undersigned's request for immediate payments of administrative expenses held on March 1st, 2011 this Honorable Court solved that the amount owed to Almeida & Dávila, P.S.C. shall be paid on the effective date of the Chapter 11 Plan upon confirmation. See Docket No. 212. This Honorable Court further granted debtor's **second request** for an extension of time to amend their Disclosure Statement and Chapter 11 Plan. Thus, as per this Honorable Court's order the deadline for debtors to amend their Disclosure Statement and Plan was **March 31st, 2011**.

    4.    To this date, debtors have not file the Amended Disclosure Statement and Amended Chapter 11 Plan. Moreover, Debtors still owe the undersigned $15,425.90 in administrative expenses for the legal services performed.

    5.    The unreasonable and unjustified delay by debtors in filing the Amended Disclosure Statement and Amended Plan is prejudicial to Almeida & Dávila, P.S.C. inasmuch as it has to wait

*Motion to Dismiss* 2

until the plan gets confirmed in order to receive the payment of the administrative expenses. The main problem is that there is no certainty as to the confirmation of debtors' plan considering that debtors do not even file the amendments they have represented the Court they intend to present. Debtors do not even comply with the deadlines of the extensions of time they themselves request from this Honorable Court. Simply put, Debtors are procrastinating the proceeding, and disobeying the Court's orders. Such behavior is unacceptable.

6. Section 1112 (b)(2) of the bankruptcy code enumerates ten grounds upon which a bankruptcy court may dismiss a Chapter 11 case or convert it into a case under Chapter 7. 11 U.S.C. Sec. 1112(b)(1)-(10). This list is not exhaustive. H.R.Rep. No. 595, 95th Cong., 1st Sess. 405-06, reprinted in 1978 U.S.Code Cong. & Admin.News 5963, 6361-62; In re Larmar Estates, Inc., 6 B.R. 933, 936 (Bankr.E.D.N.Y.1980). Dismissal or conversion must be at the request of a party, after notice and a hearing, and for cause. 11 U.S.C. Sec. 1112(b); 5 Collier on Bankruptcy p 1112.03, at 1112-14 (15th ed. 1979). The bankruptcy court has broad discretion under Sec. 1112(b). S.Rep. No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5903; In re Koerner, 800 F.2d 1358, 1367 (5th Cir.1986).

7. Under Sec. 1112(b)(2), the bankruptcy court may dismiss or convert a Chapter 11 case if the debtor fails to file a disclosure statement or if the debtor fails to file or confirm a plan, which means that the debtor lacks the ability to formulate a plan or to carry one out. Moody v. Security Pacific Business Credit, Inc., 85 B.R. 319, 345 (W.D.Pa.1988), vacated on other grounds sub nom. Moody v. Simmons, 858 F.2d 137 (3d Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1529, 103 L.Ed.2d 835 (1989); In re Economy Cab & Tool Co., 44 B.R. 721, 725 (Bankr.D.Minn.1984). While the courts have generally applied this ground where the debtor is a corporate shell, In re Economy Cab, 44 B.R. at 725, they have also granted dismissals or conversions under Sec. 1112(b)(2) where the debtor is an individual and the estate creditors continue to suffer losses as a result of the delay. See In re Koerner, 800 F.2d at 1368; Fossum v. Federal Land Bank, 764 F.2d

*Motion to Dismiss* 3

520, 521-22 (8th Cir.1985); In re McDermott, 77 B.R. 384, 386 (Bankr.N.D.N.Y.1987). In Koerner, for example, the Fifth Circuit held that conversion under Sec. 1112(b)(2) was appropriate where the individual debtor had submitted only a "nebulous plan" over a sixteen-month period. In re Koerner, 800 F.2d at 1368. Similarly, in In re Cassavaugh, 44 B.R. 726 (Bankr.W.D.Mo.1984), the bankruptcy court dismissed a Chapter 11 petition under Sec. 1112(b)(2) because the farm debtors had failed to present an acceptable plan within eight months of the petition.

8. In the instant case, debtors have had ample time to formulate the amendments to the Disclosure Statement and Chapter 11 Plan they allegedly intend to submit. Since November, 2010 this Honorable Court has granted debtors time in three different occasions, to wit: (a) On November 2, 2010, 60 days to state how they were going to proceed with their case, (b) On December 27, 2011, 60 days to reach an agreement with Bayview Loan, and submit amended Disclosure Statement and Plan, and (c) On March 1st, 2011, 30 days to file an amended Disclosure Statement and amended Chapter 11 Plan. As of today's date all of those deadlines have elapsed, and debtors have not come forward with the amendments. More than 150 days have transpired since November, 2011 and debtors have not filed any amendment to their disclosure statement or plan, neither inform about the alleged agreement with creditor Bayview Loan.

9. According to such record of failure to comply with the deadlines the debtors themselves have imposed, there is no sign that they will present the amendments and attain reorganization in the near future. Debtors are evidently procrastinating these proceedings at the cost of the undersigned and their creditors. Thus, Almeida & Dávila, P.S.C. respectfully requests from this Honorable Court to enter an order dismissing the present case pursuant to Title 11 §1112 (b)(4)(E) and (J).

WHEREFORE, Almeida & Dávila, P.S.C. respectfully requests from this Honorable Court to enter an order dismissing the instant case pursuant to 11 U.S.C. §1112 (b)(4)(E) and (J).

*Motion to Dismiss* 4

## NOTICE

Within thirty (30) days after service as evidence by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, this motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date this document has been electronically filed with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to the attorney of debtor, to the creditors and all parties in interest including the U.S. Trustee. It is also hereby certified that on today's date this document was sent by regular mail to the address of record of the Debtors.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 14th of April 2011.

| | |
|---|---|
| **ALMEIDA & DAVILA, P.S.C.**<br>PO Box 191757<br>San Juan, PR 00919-1757<br>Telephone: (787) 722-2500<br>Fax: (787) 722-2227 | s/ **ENRIQUE M. ALMEIDA BERNAL**<br>USDC-PR 217701<br>Email: ealmeida@almeidadavila.com.<br><br>s/ **ZELMA DAVILA CARRASQUILLO**<br>USDC-PR 218913<br>Email: zdavila@almeidadavila.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: EFRAIN RIVERA SOLER AND BRENDA LIZ NIEVES CASTRO<br>*Debtors* | Case No. 09-09654 (BKT)<br><br>Chapter 11 |

**AFFIDAVIT FOR DEFAULT JUDGMENT
PURSUANT TO SECTION 201(b) (4)
OF THE SERVICE MEMBERS CIVIL RELIEF ACT OF 2003**

I, Enrique M. Almeida Bernal, president of Almeida & Dávila, P.S.C. declare under penalty of perjury, the following:

That according to the enclosed certification, provided by the Department of Defense Manpower Data Center (DMDC), the Debtor(s) is(are) not in active duty or under call to active duty as a member(s) of the Army, Navy or Air Forces of the United States of America; the National Guard, the Public Health service or the National Oceanic and Atmospheric Administration.

To certify the above statement, I sign this affidavit.

In San Juan, Puerto Rico, this 14th day of April 2011.

Enrique M. Almeida-Bernal

Department of Defense Manpower Data Center                                   Apr-14-2011 08:38:57



Military Status Report
Pursuant to the Service Members Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| RIVERA SOLER | EFRAIN ANTONIO | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).

*Mary M. Snavely-Dixon* (signature)

_____
Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

*More information on "Active Duty Status"*
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

*Coverage Under the SCRA is Broader in Some Cases*
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.
Report ID:C81V9NRROQ

Department of Defense Manpower Data Center  Apr-14-2011 08:45:47



Military Status Report
Pursuant to the Service Members Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| NIEVES CASTRO | BRENDA LIZ | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).

*Mary M. Snavely-Dixon*
_____
Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

*More information on "Active Duty Status"*
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

*Coverage Under the SCRA is Broader in Some Cases*
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.
Report ID:RI5TQ4T177