## UNITED STATES BANKRUPCY COURT
## DISTRICT OF PUERTO RICO

| IN RE: | CASE # 09-09654 ESL |
| EFRAIN A. RIVERA SOLER BRENDA L. NIEVES CASTRO | CHAPTER 11 |
| DEBTORS | SMALL BUSINESS |

### PLAN OF REORGANIZATION, DATED APRIL 26, 2011

**YOU ARE HEREBY ADVISED THAT THE PROVISIONS OF THIS FIRST AMENDED DISCLOSURE STATEMENT AMEND ALMOST IN ITS ENTIRETY THE PRIOR PLAN OF REORGANIZATION. THEREFORE, DEBTORS ADVISE YOU TO READ CAREFULLY THE PROVISIONS STATED HEREIN.**

## ARTICLE I. SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

### 1.1    What is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive.   The Plan also states whether each class of claims or equity interests is impaired or unimpaired.  If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

The Plan is based on Debtors belief that due to the nature of their assets and the cost of liquidating them, the time to do so, their value, the existing encumbrances on their realty, the condition of the local market, and the net proceeds of the assets after costs and deduction of secured debt in order to provide to Creditor the maximum payments in view of their income and their ability to comply with the proposed plan of

reorganization are in the best interest of all parties since they will receive more than in a liquidation case.

Debtors Plan of Reorganization shall be deemed effective as of June 1, 2011 or thirty (30) days after the enter of the order of confirmation of the Plan.

### 1.2    Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

#### 1.2.1 Class I: Administrative Claims

Costs and expenses of administration, as defined in the Bankruptcy Code, as the same are allowed, approved and ordered paid by the Court. Debtor estimates that at the time of the confirmation of the Plan, Class I administrative claims will amount to approximately $40,000.00.

Creditor's Almeida & Dávila, P.S.C. administrative claim will be treated in this class. This class is not impaired under the Plan.

#### 1.2.2 Class II – Secured Claim: Citimortgage.

Class II provides for Claim #17 of Citimortgage, and is secured by a mortgage interest over debtor's residence located at #46 Malva Street Ext. Santa Maria Development, San Juan, Puerto Rico. The appraised value of this property is $904,000.00, as of May 13, 2010. Citimortgage will be paid by the debtors in accordance to a mortgage modification approved by the Honorable Bankruptcy Court and entered into between the Debtors and the Creditor. As of April 20, 2011 Debtors are still in the loan modification process.

According to such modification, the Debtors will pay monthly installments of $895.00. Prepetition arrears on Class 1 Claim were included in the mortgage modification. Class 1 will retain its lien over Debtor's property until all contractual payments are satisfied, and is impaired under the Plan.

### 1.2.3 Class 3 – Secured Claim: Scotiabank, former RG Premier Bank.

Creditor' RG Premier Bank Claim #12 is included in this class. Creditor's security interest lies over debtors' vacant lot of land located at the end of 25 de enero Street, Segundo Ward, Ponce, Puerto Rico. The appraised value of this property is $1,800,000.00, as of June 9, 2010.

**Debtors propose a new treatment to this class herein. Creditor, Scotiabank, will retain its lien until full payment. Insider GW Construction Corp. (herein "GW") continue the development of the residential housing project that once debtors intended to develop. As such, GW will provide adequate protection monthly payments of $1,000.00 to this creditor for twelve (12) months or until the refinance of the property. If a new agreement is reached with said creditor, the new agreement will govern the treatment for this class. This class is impaired and has a right to vote as set forth in this Plan.**

### 1.2.4 Class IV- Unsecured Priority Claims

Consist of all claims entitled to priority status pursuant to 11 U.S.C. §507(a)(8). Payment of 100% of all allowed priority tax claims in

monthly payments to be made within the fifth year of the date from the order of relief of each particular claim. This class is not impaired and does not has a right to vote under this Plan.

### 1.2.5 Class V – Unsecured Claims: Eurobank Construction Loans.

Eurobank's, now Bayview Loan Servicing, LLC, Claims #20, and #28 are included in this class. Creditor's claims arises from construction loans where the debtors are guarantor to third party Desarrolladora Internacional and for which such third party granted the creditor real property as collateral to such claims.

**Debtors provide a new treatment for this class. Insider GW Construction, Corp's offices are located at a real property that serves as collateral to Bayview, as such GW Construction will provide adequate protection monthly payment of $900.00 to Bayview and, the debt will be amortized with the sale of the apartments developed by Desarrolladora Internacional, as proposed to creditor. This class will be treated in accordance to the stipulation to be filedwith creditor. This class is not impaired under the Plan, therefore does not has a right to vote.**

### 1.2.6 Class VI – General Unsecured Claims

General Unsecured Creditors not included in other classes, as allowed, approved and ordered paid by the Court, under § 502 of the Code, are included in this class. Class VI shall be paid in an amount equal to 1.6% of the allowed amount of such claim, in 60 monthly installments as follows, unless the holder of such claim

agrees with the Debtors to a different treatment: sixty (60) monthly payments of $2,250.00 commencing on June 1, 2011 until May 1, 2016.

Creditors with disputed, contingent and/or unliquidated claims, at the effective date, will receive distribution whenever their claims become allowed claims. Any amounts collected by the Debtors from the Erluca litigation during the life of the plan will be used as additional income to fund the plan. Class VI as allowed and ordered paid by the Court is impaired under the Plan, and therefore has a right to vote.

### 1.2.7 Class VII– Claim of First Bank for Auto Lease

Class VII includes the claim of First Bank for an auto lease, as allowed, approved and ordered paid by the Court. Class VII will continue to be paid by the debtors as per the leasing agreement in force, which is also being assumed. According to such agreement, the Debtors will continue to pay monthly installments of $698.00 until the maturity date of the lease.

Class VII will receive distribution under the Plan equal to the prepetition arrears of $1,465.80, and will receive such payment in a lump sum paid on the effective date of the Plan. If debtor fails to make two (2) post confirmation payments or surrenders to First Bank for this leasing agreement, creditor needs to notify debtors' counsel and provide a twenty (20) day notice. If after the twenty day noticing period the arrears have not been cured, the automatic stay will be lifted in favor of First Bank. If debtor satisfies the full debt as

agreed herein, any joint guarantor will be relieved from paying the

full amount of First Bank's claim. This class is not impaired,

therefore does not has a right to vote.

**THE FOREGOING IS A BRIEF SUMMARY OF IMPORTANT
DISPOSITIONS OF THE PLAN. CREDITORS ARE URGED
TO READ THE PLAN IN FULL. THEY ARE FURTHER
URGED TO CONSULT WITH COUNSEL, OR WITH EACH
OTHER IN ORDER TO FULLY UNDERSTAND THE PLAN.
THE PLAN IS COMPLEX INASMUCH AS IT REPRESENTS
A PROPOSED LEGALLY BINDING AGREEMENT BY
DEBTOR AND AN INTELLIGENT JUDGEMENT
CONCERNING SUCH PLAN CANNOT BE MADE WIHTOUT
UNDERSTANDING IT.**

## ARTICLE II. MEANS OF IMPLEMENTING THE PLAN

2.1 The Plan is to be funded by the income to be generated by Debtors over the

next sixty (60) months. Their income comes basically from their salary and commissions

income. The income is estimated based upon the projection prepared and attached to

this disclosure. This also considers that Debtors, Mr. Rivera and Mrs. Nieves are healthy

and still have 25 years of productive life which will allow them to generate the income

needed.

2.2 Feasibility of the Plan

**Exhibit B** provided the Financial Projections of the Plan under the

assumptions detailed therein. The Financial Projections of the Plan

include projected statement of operations and the payment plans for all

claims. While it cannot be foreseen with absolute certainty that the cash

flow projections which accompany this Disclosure Statement will be met,

Debtors have no reason to believe that the contrary will be the case.

Debtors understand that the Plan is a confirmable Plan for the benefit of

their creditors.

2.3 Means for execution of the Plan

On the Consummation Date, the Reorganized Debtors shall be authorized to take such actions and execute such documents as may be necessary to effectuate the consummation of this Plan. According to the provisions of Section 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtors will retain and enforce or settle and adjust any claim belonging thereto or to their estate.

2.4 Executory Contracts and Unexpired Leases

Rejection and Assumption of Executory Contracts and Unexpired Leases. Debtors assume all Unexpired Leases and Executory Contracts to which they are a party and which have not been expressly rejected pursuant to 11 U.S.C. §365(a), or deem rejected by Court order, in accordance and subject to their terms and conditions. Under the Plan Debtors will assume all unexpired leases and executory contracts, which have not been expressly rejected or assumed under 11 U.S.C. §365(a).

## ARTICLE III. CONFIRMATION REQUIREMENTS AND PROCEDURES

3.1 To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible. These

requirements are <u>not</u> the only requirements listed in § 1129, and they are not the only requirements for confirmation.

3.2 Who May Vote or Object

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met. Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

3.3 Unimpaired Classes have a right to vote on the Plan. Claims in Classes I, II, and III are deemed unimpaired by this Plan in accordance with Section 1124 of the Bankruptcy Code and are deemed to have accepted the Plan in accordance with Section 1126(f) of the Bankruptcy Code. Accordingly, Debtor is not required to solicit the votes of such classes with respect to the acceptance or rejection of the Plan.

*3.4 Who is **Not** Entitled to Vote*

The holders of the following five types of claims and equity interests are *not* entitled to vote:

- holders of claims and equity interests that have been disallowed by an order of the Court;

- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

- holders of claims or equity interests in unimpaired classes;

- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and

- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;

- administrative expenses.

### 3.5 Reservation of Section 1129(b) Rights.

In the event that an impaired class will have failed to accept the Plan by the requisite majorities in accordance with Section 1126(c) and (d) of the Bankruptcy Code, Debtors hereby reserve their rights and intend to request that the Bankruptcy Court confirms the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

### 3.6 Section 1129(a)(12) Compliance.

All fees payable under 28 U.S.C. §1930, as determined by the Bankruptcy Court at the hearing on confirmation of the Plan, either will have been paid or will be paid on the Consummation Date as an Administrative Claim.

### 3.7 Deemed Satisfaction of Section 1129(a)(13) of the Bankruptcy Code.

Prior to the commencement of the Chapter 11 case, the Debtors did not have a plan providing for retiree benefits, as that term is defined in Section 1114 of the Bankruptcy Code.  Consequently, the confirmation requirements contained in Section 1129(a)(13) of the Bankruptcy Code are inapplicable to the Plan, and the Plan shall be deemed to have satisfied such requirements.

## ARTICLE IV. EFFECT OF CONFIRMATION OF PLAN

### 4.1 DISCHARGE OF DEBTOR

The Confirmation Order of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in Section 1141(d)(5) of the Bankruptcy Code.

10

Debtor will not be discharged of any debt excepted from discharge under Section 523 of the Bankruptcy Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE V. CONDITIONS PRECEDENT TO CONFIRMATION

That it be determined by the Court after hearing on notice that:

5.1 The Plan has been accepted in writing by the creditors whose acceptance is required by law;

5.2 The provisions of chapter 11 of the Code have been complied with and that the Plan has been proposed in good faith and not by any means forbidden by law;

5.3 Each holder of a claim required to vote on the Plan has accepted the plan or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Code on such date. The Plan does not discriminate unfairly, and if fair and equitable, with respect to each class of claims or interest that is impaired under the Plan and has not accepted the Plan;

5.4 All payments made or promised by the debtors or by a person issuing securities or acquiring property under the Plan or by any other person for services or for cost and expenses in, or in connection with the Plan and incident to the case, have been fully disclosed to the Court and are

11

reasonable or, if to be fixed after confirmation of the Plan, will be subject

to the approval of the Court.

5.5 Confirmation of the Plan is not likely to be followed by the need for further

financial reorganization of the Debtors or the Reorganized Debtors.

## ARTICLE VI. JURISDICTION

### 6.1 Scope of Jurisdiction.

The Bankruptcy Court shall retain jurisdiction over the Chapter 11 case

for the following purposes:

6.1.1 To determine any and all objections to the allowance of

claims including administrative claims;

6.1.2 To determine any and all fee applications and any other fees

and expenses authorized to be paid or reimbursed under the

Bankruptcy Code;

6.1.3 To determine any and all applications, motions, adversary

proceedings and contested or litigated matters pending

before the Bankruptcy Court on the Confirmation Date;

6.1.4 To modify the Plan or remedy any defect or omission or

reconcile any inconsistency in any of its orders; including the

Confirmation Order, to the extent authorized by the

Bankruptcy Code;

12

6.1.5   To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan;

6.1.6   To enter such orders as may be necessary to consummate, implement and effectuate the operative provisions of the Plan and execute all documents and agreements provided for herein or entered into pursuant hereto, including, without limitation, to issue pertinent orders to protect the Debtors from creditor's actions; and

6.1.7   To enter a final decree closing the Chapter 11 case.

**6.2 Failure of the Bankruptcy Court to Exercise Jurisdiction.**

If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising out of the Chapter 11 case, including the matters set forth above, this Article shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

**ARTICLE VII. AMENDMENT AND INTERPRETATION OF THE PLAN**

7.1   Amendment. This Plan may be altered, amended or modified by Debtors or the Reorganized Debtor before or after the Confirmation Date, in the manner provided for by Section 1127 of the Bankruptcy Code. A holder of a claim that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, the Plan as modified, unless, within the time fixed by the

13

Bankruptcy Court, such holder changes its previous acceptance or rejection.

7.2 Headings.  The headings used in the Plan are inserted for convenience of reference only and neither constitutes part of the Plan nor in any manner affects the provisions or interpretation thereof.

7.3 Severability.  Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any other provision(s) of the Plan.

7.4 Successors and Assigns.  The rights and obligations of any person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of the successors and assigns of such person.

7.5 Internal References.  The words "herein", "hereof", "hereto", "hereunder", and other words of similar import refer to the Plan as a whole and not to any particular section, subsection or clause contained in the Plan.

## ARTICLE VIII. GENERAL PROVISIONS

8.1    Definitions and Rules of Construction.    The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

As used in this Plan, the following terms shall have the respective meanings specified below and such meanings shall be equally applicable to the singular and plural forms of terms defined, unless the context requires otherwise:

14

**8.1.1** **"ADMINISTRATIVE CLAIM":** any cost or expenses of administration of the Chapter 11 case entitled to priority in accordance with the provisions of Sections 503(b) and 507(a)(1) of the Bankruptcy Code, including any actual and necessary expenses incurred in preserving Debtors' estate, operating Debtors' business and to satisfy post Confirmation Date expenses. Fees and expenses incurred by attorneys and other professional retained by Debtors in connection with the preparation, approval, confirmation and consummation of Debtors' Disclosure Statement and Plan shall constitute Administrative Claims.

**8.1.2** **"AFFILIATE":** an Affiliate of any Person that is an "affiliate", as defined in the Bankruptcy Code, as if such Person were a Debtor under the Bankruptcy Code.

**8.1.3** **"ALLOWED ADMINISTRATIVE CLAIM":** any existing or future Administrative Claim either (i) for which a fee application has been filed on or before the date, if any, designated as the last date for filing such fee application and which has been allowed by a Final Order, or (ii) as to any other Administrative Claim, (a) proof of which was filed on or before the date designed by the Bankruptcy Court as the last date for filing the proof of claim with repect thereto, pursuant to the provisions of this Plan or pursuant to any other order, and (b) as to which either no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), or the Bankruptcy Court, or as to which any timely objections has been determined and all or some portion has been allowed by a Final Order.

15

**8.1.4** **"ALLOWED CLAIM"**: any claim, other than an Administrative Claim (1) in respect to which a proof of claim has been filed within the time fixed by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(2), or (2) scheduled in the schedule of liabilities filed pursuant to Section 521(1) of the Bankruptcy Code and Bankruptcy Rule 1007(b) and not therein listed as disputed, contingent or unliquidated, and in either case if no objection to the allowance thereof has been filed except to the extent that any such objection has been determined by a final and unappealable order or judgment or by stipulation approved by a final and unappealable order or judgment.

**8.1.5** **"ASSETS"**: all property of the Debtors on the Effective Date, including, without limitation, all Intangible and Tangible Assets.

**8.1.6** **"BALLOT DATE"**: the date set by the Bankruptcy Court as the last date for the timely submission of a ballot accepting or rejecting the Plan.

**8.1.7** **"BANKRUPTCY CODE"**: the Bankruptcy Reform Act of 1978, as amended and as applicable to the Chapter 11 Case, as set forth in Section 101 et. Seq. of Title 11, United States Code.

**8.1.8** **"BANKRUPTCY COURT"**: the United States Bankruptcy Court for the District of Puerto Rico, acting in this case, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtors.

**8.1.9** **"BANKRUPTCY RULES"**: the Federal Rules of Bankruptcy Procedure, as amended and supplemented by any local bankruptcy rule.

**8.1.10** **"CASH"**: currency or check drawn by the Debtors against any bank account under its control.

**8.1.11** **"CHAPTER 11"**: Chapter 11 of the Bankruptcy Code.

16

**8.1.12** **"CHAPTER 11 CASE"**: the Chapter 11 case commenced by the Debtors on the Petition Date.

**8.1.13** **"CLAIM"**: any (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**8.1.14** **"CLASS"**: any class into which allowed claims or allowed interest are classified pursuant to Article I hereof.

**8.1.15** **"COLLATERAL"**: property in which the Debtors have an interest that secures, in whole or in part, the payment of a Claim (except pursuant to any lien granted under the Plan).

**8.1.16** **"CONFIRMATION DATE"**: the date of entry of the Confirmation Order in accordance with the provisions of the Bankruptcy Code; provided, however, that if on motion the Confirmation Order or consummation of this Plan is stayed pending appeal, then the Confirmation Date shall be the of entry of the Final Order vacation such stay or the date on which such stay expires or is no longer in effect.

**8.1.17** **"CONFIRMATION OF THE PLAN"**: the entry by the Court of an order confirming this Plan in accordance with Chapter 11 of the Bankruptcy Code.

**8.1.18** **"CONFIRMATION ORDER"**: the order of the Bankruptcy Court confirming this Plan and approving the transactions contemplated herein.

17

**8.1.19** **"CONSUMMATION DATE":** the first business day following the date on which the Confirmation Order shall become final and unappealable. It shall not mean substantial completion of the Plan and shall be the date on which the events tied to this term in the Plan will take place.

**8.1.20** **"CONSUMMATION OF THE PLAN":** the accomplishment of all things contained or provided for in this Plan, and the entry of a final decree in this case.

**8.1.21** **"CONTESTED CLAIM":** any claim as to which the Debtors have interposed an objection in accordance with the Bankruptcy Code and the Bankruptcy Rules, this Plan or orders of the Bankruptcy Court, which objection has not been withdrawn or determined by a Final Order; provided, however, that any Claim allowed under this Plan shall not be a Contested Claim.

**8.1.22** **"CRAM DOWN":** Section 1129(b) of the Bankruptcy Code permits the Court to confirm a plan notwithstanding failure of an impaired class to accept the plan. This subsection contains the so-called cram down. It requires simply that the plan meet certain standards of fairness to dissenting creditors or equity security holders. The general impaired class if that class and all below it in priority are treated according to the absolute priority rule. The dissenting class must be paid in full before any junior class may share under the plan. If it is paid in full, then junior classes may share. Treatment of classes of secured creditors is slightly different because they do not fall in the priority ladder, but the principle is the same.

Specifically, the Court may confirm a plan over the objection of class of secured claims if the members of that class are unimpaired or if they are to receive under the plan property of a value equal to the allowed amount of their secured claims,

18

as determined under 11 U.S.C. 506(a). The property is to be valued as of the Effective Date of the Plan, thus recognizing the time-value of money. As used throughout this subsection, "property" includes both tangible and intangible property, such as a security of the Debtors or a successor to the Debtors under a reorganization plan.

The Court may confirm a plan over the dissent of a class of unsecured claims, including priority claims, only if the members of the class are unimpaired, if the will receive under the plan property of a value equal to the allowed amount of their unsecured claims, or if no class junior will share under the Plan. That is, if the class is impaired, then they must be paid in full or, if paid less than in full, then no class junior may receive anything under the plan.

**8.1.23** **"CREDITOR":** any Person that is the holder of a Claim.

**8.1.24** **"DEBTORS-IN-POSSESION":** the Debtors as Debtors-in-possesion in the Chapter 11 Case.

**8.1.25** **"DEFICIENCY CLAIM":** a Claim of a Creditor equal to the amount by which the aggregate Claims of such Creditor against the Debtors exceed the sum of (a) any setoff rights of the Creditor against the Debtors plus (b) the Net Proceeds realized from the disposition of the Collateral securing such Claim or, if such Collateral is not liquidated to cash, the value of interest of the Creditor in the Debtors' interest in the Collateral securing such Claim, provided, however, that if the holder of such Claim makes the election provided in Section 1111(b) of the Bankruptcy Code, there shall be no Deficiency Claim in respect to such Claim.

**8.1.26** **"DISALLOWED CLAIM":** a Claim to the extent that such Claim was disallowed by Final Order or by written agreement of the holder thereof.

19

**8.1.27**   **"DISCLOSURE STATEMENT":**  the Disclosure Statement in respect to this Plan approved by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code.

**8.1.28**   **"EFFECTIVE DATE":**  shall be the later of thirty (30) days after the Confirmation Order becoming final and unappealable or June 1, 2011.

**8.1.29**   **"FINAL DISTRIBUTION":**  the final distribution under this Plan.

**8.1.30**   **"FINAL ORDER":**  an order or a judgment which has not been reversed, stayed, modified or amended and (a) as to which (i) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for certiorari, review or rehearing is pending, or (ii) if an appeal, review, reargument or certiorari of the order has been sought, the order has been affirmed or the request for review, reargument or certiorari has been denied and the time to seek a further appeal, review, reargument or certiorari has expired, and (b) as a result of which such order shall have become final and unappealable in accordance with applicable law.

**8.1.31**   **"GOVERNMENTAL UNIT":**  the United States, State, Commonwealth, District, Territory, municipality, foreign state, department, agency, or instrumentality thereof (but not a United States trustee while serving as a trustee in a case under the Code), or other foreign or domestic government.

**8.1.32**   **"INTANGIBLE ASSETS":**  all general intangibles, rights, claims, contract rights, franchise rights, and causes of action, whether equitable or legal, of the Debtors and the Debtors-in-Possession (including the right to prosecute or compromise and settle such rights, claims and causes of action in the name of such Persons or office).

20

**8.1.33** **"MUNICIPALITY"**: political subdivisions or public agency or instrumentality of a state.

**8.1.34** **"NET PROCEEDS"**: all proceeds realized from the sale or other disposition of Assets, after deduction of all reasonable costs and expenses to the extent actually incurred and paid in connection with the preservation and sale or other disposition of the Assets and, to the extent applicable, after the payment of any Secured Claim on such Assets.

**8.1.35** **"PERSON"**: an individual, partnership and corporation, but does not include governmental unit, provided however, that any governmental unit that acquires an asset from a person as a result of operation of loan guarantee agreement, or as a receiver or liquidating agent of a person, will be considered a person for purposes of Section 1102 of the Code.

**8.1.36** **"PETITION DATE"**: November 10, 2009, the date on which the Debtors filed a Chapter 11 petition with the Bankruptcy Court.

**8.1.37** **"PLAN"**: this Plan in its present form or as it may be amended or supplemented from time to time.

**8.1.38** **"PRIORITY CLAIM"**: any Claim, to the extent entitled to priority in payment under Section 507(a) of the Bankruptcy Code.

**8.1.39** **"PROFESSIONAL PERSONS"**: Persons retained or to be compensated pursuant to Sections 326, 327, 328, 330, 503(b) and 1103 of the Bankruptcy Code.

**8.1.40** **"PRO RATA"**: the proportion that the amount of a Claim against the Debtors in a particular Class bears to the aggregate amount of all Claims, including objected or disputed claims until disallowed, in such Class.

21

**8.1.41** **"PURCHASER"**: shall mean transferee of a voluntary transfer, and includes immediate or mediate transferee of such a transferee.

**8.1.42** **"REORGANIZED DEBTORS"**: Efrain A. Rivera Soler and Brenda L. Nieves , will be the Reorganized Debtors pursuant to the provisions hereof, including the provisions of Article V.

**8.1.43** **"SECURED CLAIM"**: a Claim of a Creditor arising on or before the Petition Date that is secured by a lien on Collateral or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value of such Creditor's interest in the Debtors' interest in the property, or to the extent of the amount of the setoff, as applicable; provided, however, that if the Creditor makes the election provided in Section 1111 (b) of the Bankruptcy Code, the Creditor's Claim shall be a Secured Claim in the full amount of the Creditor's Allowed Claim.

**8.1.44** **"SECURED CREDITOR"**: any Creditor that is the holder of a Secured Claim.

**8.1.45** **"SUBSTANTIAL CONSUMMATION"**: means:

a) Transfer of all or substantially all of the property proposed by the Plan to be transferred;

b) Assumption by the Debtors, the Reorganized Debtors under the Plan of the business or of the management of all or substantially all of the property dealt with by the Plan; and

c) Commencement of distribution under the Plan.

22

**8.1.46** **"TANGIBLE ASSETS":** all personal and real property of the Debtors, and proceeds thereof (including cash proceeds), existing immediately before the Consummation Date.

**8.1.47** **"TAX CLAIM":** any Claim that is entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

**8.1.48** **"TRANSFER":** every mode, direct or indirect, absolute or conditional, voluntary or involuntary, or disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the Debtors' equity.

**8.1.49** **"UNSECURED CLAIM":** an Unsecured Claim, including any Deficiency Claim that is not; (i) entitled to priority pursuant to the Bankruptcy Code; or (ii) subordinated for purposes of distribution to any unsecured Claim pursuant to Subsection 510(b) or 510(c) of the Bankruptcy Code.

**8.1.50** **"UNSECURED CREDITOR":** any Creditor that is the holder of an Unsecured Claim

8.2    Effective Date of Plan. The effective date of this Plan is the thirtieth calendar day following the date of the entry of the order of confirmation or June 1, 2011. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.3    Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

23

**RESPECTFULLY SUBMITTED.**

In Caguas, Puerto Rico, this 26th day of April of 2011.

*/s/ Efrain A. Rivera Soler*

*/s/ Brenda L. Nieves*

**VICTOR GRATACOS DIAZ LAW OFFICE**
PO BOX 7571
CAGUAS, PR 00726
PHONE: (787) 746-4772 & FAX: (787) 746-3633

By: /s/ Víctor Gratacós-Díaz (127906)